APR 22 2026 AM11:30
FILED - USDC - FLMD - TPA

TRAVIS WALKER
1767 Lakewood Ranch Blvd. PMB 161
Bradenton, FL 34211
twdirect@gmail.com

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| CROSSCOUNTRY MORTGAGE, LLC <br><br> *Plaintiff(s)* <br><br> v. <br><br> TRAVIS WALKER, et al., <br><br> *Defendant(s)* | CASE NO. <br> 8:26-cv-1154-SDM-TGW <br><br><br> DEFENDANT'S NOTICE OF REMOVAL <br> (Declaratory Relief Requested) |

Defendant TRAVIS WALKER, a natural person appearing pro se, domiciled in the same District in which this removal is filed, hereby files this Notice of Removal, removing to this Court the civil action presently pending in the **CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT IN AND FOR MANATEE COUNTY, FLORIDA**, styled CROSS COUNTRY MORTGAGE, LLC v. HEATHER O'BRIEN WALKER AND TRAVIS W. WALKER A/K/A TRAVIS WALKER ET AL., Case No. 2025 CA 281.

$405
TPA74136

## Jurisdiction and Grounds for Removal

FIRST - Defendant seeks removal under 28 U.S.C. § 1441 and 28 U.S.C. § 1446, asserting federal-question jurisdiction under 28 U.S.C. § 1331.

SECOND - Defendant asserts that the state-court proceedings, as reflected in the hearing transcript dated March 24, 2026 and the Omnibus Order filed March 31, 2026, implicate substantial federal questions concerning access to court, disability accommodation, and the protections afforded by Title II of the Americans with Disabilities Act (as amended) ("ADA"), including principles recognized in *Tennessee v. Lane*, 541 U.S. 509 (2004).

THIRD - Defendant specifically contends that, after Defendant informed the state court that his ADA accommodation requests were outstanding and unresolved and that he did not have ADA access to the proceedings, the court coercively attempted to require discussion of accommodations in open court notwithstanding the privacy and independence language of 28 C.F.R. § 35.160(b)(2), and then proceeded with the hearing.

FOURTH - Defendant further contends that the transcript and Omnibus Order show a concrete access-to-court injury because the hearing went forward after Defendant advised the court that ADA access was unavailable, and the Omnibus Order thereafter overruled Defendant's exceptions, adopted the Magistrate's Report and Recommendation, and imposed a fifteen-day compliance deadline.

FIFTH - Defendant acknowledges the admonition of *Louisville Nashville Railroad Company v. Erasmus Mottley*, 211 U.S. 149 (1908), and therefore asserts removal based on the federal character Defendant contends became embedded in the operative state-court proceedings and orders themselves, rather than solely on an anticipated federal defense.

SIXTH - The underlying action is a Florida state-court civil action styled CrossCountry Mortgage LLC v. Heather O'Brien Walker and Travis W. Walker a/k/a Travis Walker, et al., Case No. 2025 CA 281, pending in Manatee County, Florida.

SEVENTH - On March 18, 2026, Defendant filed a Defendant's Status Report stating that Defendant had raised issues regarding ADA

accommodations, that such issues had not been properly addressed, and that the statement was included to preserve all rights under federal law and ensure the record accurately reflected Defendant's position. Defendant, at any and all times hereunder has maintained his federally mandated privacy under 28 C.F.R. §35.160(b)(2).

EIGHTH - At the March 24, 2026 hearing before Judge Stephen Whyte, Defendant stated on the record that he had requested ADA accommodations through court channels, that those requests remained outstanding and unresolved, and that he did not have ADA access to the proceedings.

NINTH - When the court asked what accommodations had been requested, Mr. Shore, attending as Defendant's Certified ADA advocate, stated on the record that Defendant could not discuss that in open court and cited 28 C.F.R. § 35.160(b)(2), explaining that Defendant was entitled to privacy and independence concerning ADA access.

TENTH - The transcript further reflects the court's response that, absent disclosure in open court of the accommodations requested, the

court was unsure what more it could do, and the proceedings continued. The court's inability to navigate the ADA is not the burden of the Defendant, and this same inability of the court to navigate the ADA has caused the Defendant concrete harm by the denial of equal access to court on the basis of disability.

ELEVENTH - On March 31, 2026, the state court filed its Omnibus Order. That order states that Defendant appeared pro se at the March 24, 2026 case management conference, that the court heard argument, overruled Defendant's exceptions to the Magistrate's Report and Recommendation, adopted the Magistrate's Report and Recommendation, and required Defendant to comply with deadlines within fifteen days.

TWELFTH - The Omnibus Order also states that Defendant's notice preserving the record regarding continued ADA violations during the January 21, 2026 hearing was not ruled upon because it was submitted to preserve the record and to clarify that Defendant's objections were not limited to substantive legal issues but also implicated access-to-court

and due-process concerns arising from the manner in which the proceedings were conducted.

THIRTEENTH - Defendant contends that the transcript and Omnibus Order are the first papers from which removability was ascertainable under 28 U.S.C. § 1446, because those materials concretely reflect the asserted deprivation of access in connection with disability accommodation and court access.

FOURTEENTH - A true and correct copy of all process, pleadings, transcripts and orders served on Defendant in the state-court action, should be transmitted subsequently from the Clerk of the original state court in Manatee County. The March 24, 2026 transcript, the March 31, 2026 Omnibus Order, and the March 18, 2026 Status Report, are attached as **Exhibit A** pursuant to 28 U.S.C. § 1446(a), and included hereon by reference.

**Removal Procedure**

FIFTEENTH - This Notice is filed within thirty days after Defendant contends removability first became ascertainable from the

transcript and Omnibus Order described above, as contemplated by 28 U.S.C. § 1446. It is undeniable, per the Omnibus Order, that ADA access for the Defendant is being denied by the state court.

SIXTEENTH - Prompt written notice of the filing of this Notice of Removal will be provided to all adverse parties, and a copy of this Notice will be filed with the clerk of the state court, in accordance with 28 U.S.C. § 1446(d).

SEVENTEENTH - Upon the filing of this Notice of Removal in this Court and the filing of a copy in the state court, the state court shall proceed no further unless and until the case is remanded.

**Prayer**

WHEREFORE, Defendant Travis Wesley Walker, gives notice that the above-captioned action is removed from the Circuit Court of the Twelfth Judicial Circuit, in and for Manatee County, Florida to the United States District Court for the Middle District of Florida, Tampa Division, and requests that this Court accept jurisdiction over this action

as provided by law.

Further, the Defendant prays that the United States District Court, for the Middle District of Florida, Tampa Division, provide declaratory relief concerning:

1. Whether the state court in this matter discriminated against the Defendant, Travis Walker in the actions described hereon, on the basis of disability; and

2. Whether the state court in this matter denied equal access to Defendant Travis Walker on the basis of disability under the ADA concerning Defendant's sixth amendment access to the court's services, programs, and activities; and

3. Whether the state court in this matter acted in a coercive, intimidating, or interfering way to deprive Defendant Travis Walker from exercising and/or enjoying equal access as a disabled individual under the ADA; and

4. Declaring what actions the state court in this matter should undertake to remediate the foregoing matters so that Defendant Travis Walker can enjoy and exercise his rights under the ADA.

Defendant is not an attorney and invokes the requirement of leniency stated in *Haines v. Kerner*, 404 U.S. 519 (1972).

Respectfully submitted, on this _____ day of April, 2026, by:

By: /s/ Travis Walker

Travis Wesley Walker
Defendant, pro se
1767 Lakewood Ranch Blvd. PMB 161
Bradenton, FL 34211
twdirect@gmail.com
(941) 999-1289

## Certificate of Service

I certify that on this ___ day of April, 2026, I filed the foregoing Notice of Removal with the Clerk of Court and served notice on all counsel of record and/or unrepresented parties as required by applicable law and rules by mailing a certified copy of the same to:

ROBERTSON, ANSCHUTZ, SCHNEID,
CRANE & PARTNERS, PLLC
ATTORNEY FOR PLAINTIFF
6409 Congress Ave, Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901

Vanessa Sloat-Rogers, Esq.
Florida Bar No. 0353530
Communication Email: vrogers@raslg.com

By: _/s/ Travis Walker_
Travis Wesley Walker,
Defendant, pro se
1767 Lakewood Ranch Blvd. PMB 161
Bradenton, FL 34211
twdirect@gmail.com
(941) 999-1289