# EXHIBIT A

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CASE NO.: 2025 CA 281

CROSSCOUNTRY MORTGAGE LLC,

      Plaintiff,

v.

HEATHER O'BRIEN WALKER AND TRAVIS W. WALKER A/K/A
TRAVIS WALKER ET AL.,

      Defendants.

_____

REMOTE PROCEEDINGS BEFORE THE HONORABLE
STEPHEN WHYTE

DATE TAKEN:    MARCH 24, 2026

TIME:          10:00 a.m. - 10:30 a.m.

(Based on Time Zone from Notice)

LOCATION:    Via Video Teleconference

Reported By:
CRYSTAL REYES, AAERT No. 1660
Notary Public for the State of Florida

Judge Stephen Whyte
March 24, 2026

APPEARANCES


        On behalf of CROSSCOUNTRY MORTGAGE LLC:
            ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC
            BY: VANESSA SLOAT-ROGERS, ESQUIRE
            6409 CONGRESS AVENUE, SUITE 100
            BOCA RATON, FLORIDA 33487
            VROGERS@RASLG.COM
            APPEARED VIA VIDEO TELECONFERENCE



        On behalf of HEATHER O'BRIEN WALKER AND TRAVIS W. WALKER
        A/K/A TRAVIS WALKER ET AL.:
            TRAVIS WALKER, PRO SE
            APPEARED VIA VIDEO TELECONFERENCE


    ALSO PRESENT
            JAY V. SHORE, ADA ADVOCATE
            APPEARED VIA VIDEO TELECONFERENCE

Judge Stephen Whyte
March 24, 2026

P R O C E E D I N G S

THE COURT:  Hi.  Good morning.  My next hearing is 2025 CA 281, Crosscountry Mortgage LLC, represented by Vanessa Sloat-Rogers, who's appearing by Zoom, versus Heather O'Brien Walker and Travis Walker.  And Mr. Walker is also appearing by Zoom.  And then I have a Jay Shore, certified ADA, also appearing by Zoom.  And we do have a court reporter, Ms. Reyes -- and I'm getting some feedback on my end.  I'm going to go ahead and mute everyone until it's your turn, and then I'll unmute you.  I also see we have a court reporter, Ms. Reyes.

THE REPORTER:  Good morning, Your Honor.  Crystal Reyes on behalf of U.S. Legal.

THE COURT:  All right.  Good morning, ma'am.  So as we go through this process, if you can't hear someone, they're glitching, or people are talking over one another, or we get feedback, like we just had a moment ago, anything at all that would prohibit you from getting a good, clean record, I'm asking you to please speak up and let me know.  All right?

THE REPORTER:  I do, Your Honor.  I will do.

THE COURT:  So we are here this morning for a number of different motions.  They all generally relate to the magistrate's January 27, 2026 report and recommendation, that was based on a January 21, 2026 hearing.  And I'm going to go through these, because this is everything that I have reviewed

Judge Stephen Whyte
March 24, 2026

in anticipation of today's hearing, so you know everything I've looked at, everything I've read, and then I'll ask if there's anything that I may have missed.

So starting with the January 27, 2026 magistrate's report and recommendation, I did review the actual report and recommendation. At that hearing, the magistrate addressed multiple issues, which I have also reviewed, and that includes the defendant, Travis Walker's motion to dismiss filed June 13, 2025, and the plaintiff's response filed June 24, 2025.

Defendants' motion to allow expert and fact witness testimony and to supplement the record with audit and investigative reports, filed on September 26, 2025, and the plaintiff's response filed on October 9, 2025, and the defendants' reply filed October 9, 2025, same day. Plaintiff's motion to compel better responses to request for interrogatories to Defendant, Travis Walker, filed October 23, 2025.

Plaintiff's motion to compel better responses to request for production filed on November 12, 2025, and the defendant's response to the plaintiff's motion to compel better responses to requests for production, that was filed on November 18, 2025. So those are the items that were part of the magistrate's report and recommendation.

I have also reviewed the defendant's objection, opposition to magistrate's report and recommendation, that was filed February 2, 2026. Plaintiff's response to Defendant's

objection, opposition to the magistrate's report and recommendation, that was filed February 3rd of 2026.  The order for transcript and hearing on exceptions to recommended order of magistrate that was filed February 6th of 2026.  Plaintiff's motion to schedule hearing on exceptions to magistrate's report and recommendation filed by Defendant, or in the alternative, schedule a case management conference, that was filed February 12, 2026.

Plaintiff's amended response to Defendant's objection, opposition to magistrate's report and recommendation, which was filed February 17th of 2026.  Defendant's supplemental motion to strike or dismiss Plaintiff's response to Defendant's objection, filed February 17, 2026.  Plaintiff's motion for ex parte ruling on Defendant's objection, opposition to magistrate's report and recommendation, or in the alternative, to schedule a case management conference where the motion will be heard by the Court, that was filed February 25, 2026.

And Defendant's response in opposition to Plaintiff's motion for ex parte ruling on Defendant's objection, or in the alternative, to schedule a case management conference, and that was filed February 26, 2026.  So I'm sorry, there's one more. There was also --I didn't know --I didn't really --it's not titled a motion, but there was also Defendants' notice to preserve the record regarding continued ADA violations during January 21, 2026 hearing, and that was filed February 17, 2026.

Judge Stephen Whyte
March 24, 2026

So what I planned on doing is, obviously, the main idea is the objections, exceptions to the magistrate's report and recommendation. But what I planned on doing is I scheduled this for 30 minutes. I want to give each of you 15 minutes to argue all of these issues. All of them, some of them, it's your time, you use it however you see fit, to make whatever arguments you want on these motions and notices, objections that have been filed.

So Mr. Walker, you have filed the exceptions, so I'm going to go ahead and ask you to go ahead and unmute yourself. There you go. And, sir, if you could just go ahead and tell me, as I said, you're free to argue any of these objections, exceptions, the notice, whatever you want, you have 15 minutes.

MR. WALKER: Judge, on March 12th, I emailed Heather Blanton, the ADA coordinator for the Court, and she acknowledged the email about my request for ADA accommodations, but that was all she did. And then on the 18th, I got an email from Mary Ann Floyd who --it's my understanding she is general counsel for the court at --about the request for accommodations for ADA. Still didn't get them.

And then on the 17th of March, I emailed, according to the instructions in your order, the Manatee County Jury Office, and connected with Kelly Rauch. That was on the 17th of March. And she responded back, and basically said that she forwarded my email back to Mary Ann Floyd. And as of right now, my request

for ADA accommodations are outstanding and unresolved.  So I don't have ADA access to these proceedings.

THE COURT:  All right, sir.  What accommodations have you requested?  Normally, this is just your argument time, but if you're --what accommodations have been requested that have not been provided?

MR. SHORE:  He can't discuss that in open court.  It's against federal law.

THE COURT:  And who was that?

MR. SHORE:  This is Jay Shore.  Under 28 CFR 35.160(b)(2), he's entitled to privacy and independence concerning his ADA access.

THE COURT:  All right.  Mr. Shore, can you repeat that for me?  28 CFR --

MR. SHORE:  35.160(b)(2)

THE COURT:  All right.  Well, I certainly don't want to know any bases for the asking of accommodations, but if there's accommodations you need that are not being met, if I'm not told what those reasonable accommodations are that you need, what's been requested, what's been denied, I'm not sure what more I can do to have a full, fair, transparent, and complete addressing of those issues.

MR. SHORE:  That's why the administrative side of the court is supposed to take care of this, and not put this in your lap on the day of the hearing.  And the --that section actually

Judge Stephen Whyte
March 24, 2026

says that the auxiliary aids and services, which are what accommodations are called, are to be provided in a way that protects the privacy and independence of the individual with the disability. So those are supposed to be provided in a way that protects his privacy and independence.

So discussing those accommodations in open court does not do that. That's why the administrative side of the court is supposed to do that. And they responded back and said they got the emails, and haven't done anything.

MS. SLOAT-ROGERS: Your Honor, I would oppose to any --

THE COURT: Ms. Sloat, this is not your 15 minutes. Mr. Walker, Mr. Shore, I'm here. My time is your time. I'm here to listen, but if I don't know and don't --aren't --I'm not told what reasonable accommodations are needed, what reasonable accommodations have been requested, what reasonable accommodations have been denied, there's just not much I can do to address those.

MR. SHORE: You've been given notice that he doesn't have ADA access to the Court. So he's --he's removed from these proceedings under ADA.

THE COURT: All right. Thank you, Mr. Shore. Mr. Walker, it's been about four minutes, you have 15.

MR. WALKER: Judge, I don't have ADA access to the proceedings. My request for accommodations are outstanding and

Judge Stephen Whyte
March 24, 2026

unresolved.

MR. SHORE:  Judge, could you have Ms. Rogers turn her mic off, please?

MS. SLOAT-ROGERS:  Apologies.

THE COURT:  All right.  Madam Court Reporter, for the purposes off the record, the initial portion of the 15 minutes for Mr. Walker, when the Court was discussing matters with him, went from 10:07 a.m. to 10:11 a.m.  It is now 10:17 a.m., and there's been no further discussions or actions on behalf of Mr. Walker.  So therefore, Ms. Sloat-Rogers, your 15 minutes, ma'am.

MS. SLOAT-ROGERS:  Thank you, Your Honor.  Briefly, to address Mr. Walker's argument, my understanding under the ADA is that the Court can ask Mr. Walker what accommodations he's required to have to make his appearance available.  He is refusing to provide that.  He's had months and months to obtain these accommodations.  It was raised at hearings quite a bit of time ago, it's on every court order, it's on every notice of hearing.  He's well aware of what steps he needs to take to obtain any potential accommodation.

He refuses to advise the Court what accommodations he requires to assist him to attend these hearings.  It's Plaintiff's position, this is just another step that Mr. Walker is taking to delay these proceedings.  It's noted by our court filings, we have attempted to move this case along.  Mr. Walker

Judge Stephen Whyte
March 24, 2026

refuses to coordinate hearings with us on a timely basis. Hence, the multitude of filings regarding asking the Court to set a case management conference to move this case forward.

Your Honor, there was a court order issued by the Court requiring Mr. Walker --I believe the court order was entered on February 6th of '26, requiring Mr. Walker to file a transcript of the proceedings wherein the magistrate entered the report and recommendation.  I don't believe that has been done, pursuant to that court order.  If no transcript is filed, that the Court will deny the exception and the objection to the exception, and the recommended order will be adopted.

I checked the docket first thing this morning, I've never received a copy of a notice of filing of transcript.  That order is mandatory, and we would ask, at least on that order for transcript, that the exceptions be overruled or denied. Furthermore, with regard to the exceptions, it's our position that those come to the Court clothed in a presumption of correctness.  There is nothing.  The magistrate was very detailed in the report and recommendation as to why the ruling was the way it was.

As to the motion to dismiss, that's a procedural denial of the motion to dismiss, because we filed an amended complaint, rendering that motion to dismiss moot.  And we have cited the case of Vanderburg v. Rios, a 4th DCA case, 2001, explaining that the filing of an amended complaint renders moot

Judge Stephen Whyte
March 24, 2026

the legal sufficiency of the alleged complaint. Therefore, if the original motion to dismiss was directed towards the original complaint, it was rendered moot, and it should have been denied as moot, which the magistrate did.

Defendants' motion to allow expert in fact witness testimony, Plaintiff did not object to Defendant filing his reports with the Court, because he's entitled to do that, but the magistrate properly ruled that if he intends to try to use these experts or fact witnesses, that the plaintiff has the right to object and to examine the expert witness to determine if they are qualified. That is the correct legal ruling by the magistrate.

In the report, the magistrate reviewed Plaintiff's motion to compel the requests for production, as well as the motion to compel the interrogatory answers, neither of which responses complied with the new rule. The objections were general in nature and not specific. No documents were produced. Mr. Walker only referred to a document that had been filed with the Court, which was incomplete as it related to the requests. And Mr. Walker did not answer each question as it was asked. He answered the questions as he believed them to be asked.

So it's our position that the magistrate's report was accurate, and it complied with the facts in the law in the case. Mr. Walker had the opportunity to make argument at that hearing, he failed and refused to make argument, again, raising a claim

Judge Stephen Whyte
March 24, 2026

of ADA accommodations.  And again, when the magistrate asked Mr. Walker about what accommodations he required, he refused to answer.

So it's our position that the failure to file the required transcript pursuant to the Court's order, and the fact that the magistrate report complied with the law and the facts of the case, as presented at the hearing, the objection should be overruled, and the Court should issue an order approving the magistrate's report.

I would also ask the Court more of an ore tenus motion today.  We did file our email communications with Mr. Walker regarding coordination of hearings, and Mr. Walker essentially refuses to coordinate hearings in a timely manner.  I would make an ore tenus motion that the Court enter an order requiring the parties, when a motion is filed -- and this goes along with the case management deadlines -- to coordinate a hearing within a specified period of time.

The setting of the exceptions, Mr. Walker believed that he didn't have to set these exceptions for hearing until the March 23rd date, but that was not our understanding of the spirit of the order.  Our understanding was that the party was -- were to coordinate the hearing, and had up until March 23rd.  But Mr. Walker refused to coordinate, stating that he did not have to coordinate until the March 23rd date.  What that did is it pushed hearing dates from February to April or May, once

Judge Stephen Whyte
March 24, 2026

again, improperly delaying this case.

So I guess those are really the only -- the issues pending, Your Honor, because as the Court noted, everything set to be heard today was really based on the exceptions, and the scheduling of the hearing today.  So again, it's our position that the exception should be overruled and denied, the order of the magistrate approved, and again, I'd like an order directing the parties to have to schedule hearings within a specified period of time, once a motion has been filed.  And that's it for me, Your Honor.

THE COURT:  Mr. Walker, as the party filing the exceptions to the magistrate's report and recommendation, you do have the opportunity for rebuttal, if you want to take it.  I have a note that you have five minutes left.

MR. WALKER:  I do not have ADA access to these proceedings.  My requests for accommodations are outstanding and unresolved.

THE COURT:  Mr. Walker, I'll ask again.  If I'm not told what reasonable accommodations are needed, what reasonable accommodations have been requested, what reasonable accommodations have been denied, there's not a whole lot I can do.

MR. SHORE:  Your immunity is removed under 42 U.S. Code 12202.

THE COURT:  All right.  Madam Court Reporter, for the

Judge Stephen Whyte
March 24, 2026

purposes of the record, let it reflect that after the last exchange with Mr. Walker, I have allowed five full minutes to elapse, for him to provide any rebuttal.  All right.  Thank you all very much.  I'm going to take these matters under advisement, and I will issue a written order.  Ms. Reyes, just if you can confirm, did you get -- were you able to hear everybody clearly and get a good record?

THE REPORTER:  I was, Your Honor.  Thank you so much.

THE COURT:  All right.  Thank you all very much.  I'll issue a written order.

MS. SLOAT-ROGERS:  Thank you, Your Honor.

(Off the record at 10:30 a.m.)

(Remote proceedings concluded at 10:30 a.m.)

Judge Stephen Whyte
March 24, 2026

CERTIFICATE OF REPORTER

STATE OF FLORIDA               )
                               )
COUNTY OF POLK                 )


     I, CRYSTAL REYES, AAERT No. 1660, Digital Reporter, State of FLORIDA, do hereby certify that I was authorized to and did electronically report the foregoing remote proceedings via video teleconference and that the electronic recording of the proceedings was provided for transcription.

     I FURTHER CERTIFY that I am not a relative, employee, or attorney, or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorneys or counsel connected with the action, nor am I financially interested in the action.

          DATED this 13TH day of APRIL, 2026.


          _____
          CRYSTAL REYES, AAERT No. 1660
          U.S. Legal Support, Inc.

Judge Stephen Whyte
March 24, 2026

## CERTIFICATE OF TRANSCRIPTIONIST

I, STEPHANIE JOINER, do hereby certify that I transcribed the electronic recording produced by CRYSTAL REYES, AAERT No. 1660, of the foregoing proceedings; and that the foregoing transcript is a true transcript of said electronic recording.

I FURTHER CERTIFY that I am not a relative, employee, attorney, or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorneys or counsel connected with the action, nor am I financially interested in the action.

DATED this 13TH day of APRIL, 2026.

_Stephanie Joiner_
_____
STEPHANIE JOINER

Judge Stephen Whyte
March 24, 2026

**-**

--about
  6:19
--aren't
  8:14
--he's
  8:20
--I
  5:22 10:5
--i'm
  8:14
--it's
  5:22 6:18
--that
  7:25
--what
  7:5

**1**

10:07
  9:8
10:11
  9:8
10:17
  9:8
10:30
  14:12,13
12
  4:18 5:8
12202
  13:24
12th
  6:14
13
  4:8
15
  6:4,13 8:12,
  23 9:6,10
17
  5:13,25
17th
  5:11 6:21,23

**18**
  4:21
18th
  6:17

**2**

2
  4:25
2001
  10:24
2025
  3:3 4:9,12,
  13,14,16,18,
  21
2026
  3:23,24 4:4,
  25 5:2,4,8,
  11,13,17,21,
  25
21
  3:24 5:25
23
  4:16
23rd
  12:20,23,24
24
  4:9
25
  5:17
26
  4:12 5:21
  10:6
27
  3:23 4:4
28
  7:11,14
281
  3:3

**3**

30
  6:4
35.160(b)(2)
  7:11,15

**3rd**
  5:2

**4**

42
  13:24
4th
  10:24

**6**

6th
  5:4 10:6

**9**

9
  4:13,14

**A**

a.m.
  9:8 14:12,13
able
  14:6
access
  7:2,12 8:20,
  24 13:15
accommodation
  9:20
accommodation
s
  6:16,19 7:1,
  3,5,17,18,19
  8:2,6,15,16,
  17,25 9:14,
  17,21 12:1,2
  13:16,19,20,
  21
accurate
  11:23
acknowledged
  6:15
actions
  9:9

actual
  4:5
ADA
  3:6 5:24
  6:15,16,19
  7:1,2,12
  8:20,21,24
  9:13 12:1
  13:15
address
  8:18 9:13
addressed
  4:6
addressing
  7:22
administrativ
e
  7:23 8:7
adopted
  10:11
advise
  9:21
advisement
  14:5
ago
  3:17 9:18
ahead
  3:9 6:10,11
aids
  8:1
alleged
  11:1
allow
  4:10 11:5
allowed
  14:2
alternative
  5:6,15,20
amended
  5:9 10:22,25
Ann
  6:17,25
answer
  11:20 12:3
answered
  11:21

Judge Stephen Whyte
March 24, 2026

| | | | |
|---|---|---|---|
| answers<br>  11:15 | | CFR<br>  7:11,14 | coordination<br>  12:12 |
| anticipation<br>  4:1 | **B** | checked<br>  10:12 | coordinator<br>  6:15 |
| Apologies<br>  9:4 | back<br>  6:24,25 8:8 | cited<br>  10:24 | copy<br>  10:13 |
| appearance<br>  9:15 | based<br>  3:24 13:4 | claim<br>  11:25 | correct<br>  11:11 |
| appearing<br>  3:4,5,7 | bases<br>  7:17 | clean<br>  3:18 | correctness<br>  10:18 |
| approved<br>  13:7 | basically<br>  6:24 | clearly<br>  14:7 | counsel<br>  6:18 |
| approving<br>  12:8 | basis<br>  10:1 | clothed<br>  10:17 | County<br>  6:22 |
| April<br>  12:25 | behalf<br>  3:13 9:9 | Code<br>  13:24 | court<br>  3:2,7,10,14,<br>  21 5:17 |
| argue<br>  6:5,12 | believe<br>  10:5,8 | come<br>  10:17 | 6:15,19 7:3,<br>  7,9,13,16,24 |
| argument<br>  7:4 9:13<br>  11:24,25 | believed<br>  11:21 12:18 | communication<br>s<br>  12:11 | 8:6,7,12,20,<br>  22 9:5,7,14,<br>  18,21,24 |
| arguments<br>  6:6 | better<br>  4:15,17,19 | compel<br>  4:15,17,19<br>  11:14,15 | 10:2,4,5,9,<br>  10,17 11:7,<br>  19 12:8,10, |
| asked<br>  11:20,21<br>  12:1 | bit<br>  9:17 | complaint<br>  10:23,25<br>  11:1,3 | 14 13:3,11,<br>  18,25 14:9 |
| asking<br>  3:18 7:17<br>  10:2 | Blanton<br>  6:15 | complete<br>  7:21 | Court's<br>  12:5 |
| assist<br>  9:22 | Briefly<br>  9:12 | complied<br>  11:16,23<br>  12:6 | Crosscountry<br>  3:3 |
| attempted<br>  9:25 | **C** | concluded<br>  14:13 | Crystal<br>  3:12 |
| attend<br>  9:22 | CA<br>  3:3 | conference<br>  5:7,16,20<br>  10:3 | **D** |
| audit<br>  4:11 | called<br>  8:2 | confirm<br>  14:6 | date<br>  12:20,24 |
| auxiliary<br>  8:1 | care<br>  7:24 | connected<br>  6:23 | dates<br>  12:25 |
| available<br>  9:15 | case<br>  5:7,15,20<br>  9:25 10:3,24<br>  11:23 12:7,<br>  16 13:1 | continued<br>  5:24 | day<br>  4:14 7:25 |
| aware<br>  9:19 | certainly<br>  7:16 | coordinate<br>  10:1 12:13,<br>  16,22,23,24 | DCA<br>  10:24 |
| | certified<br>  3:6 | | deadlines<br>  12:16 |

**defendant**
4:8,16  5:6
11:6
**defendant's**
4:19,23,25
5:9,11,12,
14,18,19
**defendants'**
4:10,14  5:23
11:5
**delay**
9:24
**delaying**
13:1
**denial**
10:22
**denied**
7:20  8:17
10:15  11:3
13:6,21
**deny**
10:10
**detailed**
10:19
**determine**
11:10
**different**
3:22
**directed**
11:2
**directing**
13:7
**disability**
8:4
**discuss**
7:7
**discussing**
8:6  9:7
**discussions**
9:9
**dismiss**
4:8  5:12
10:21,22,23
11:2
**docket**
10:12

**document**
11:18
**documents**
11:17
**doing**
6:1,3

_____

**E**
_____

**elapse**
14:3
**email**
6:16,17,25
12:11
**emailed**
6:14,21
**emails**
8:9
**end**
3:8
**enter**
12:14
**entered**
10:6,7
**entitled**
7:11  11:7
**essentially**
12:12
**everybody**
14:7
**everyone**
3:9
**ex**
5:13,19
**examine**
11:10
**exception**
10:10,11
13:6
**exceptions**
5:3,5  6:2,9,
13  10:15,16
12:18,19
13:4,12
**exchange**
14:2

**expert**
4:10  11:5,10
**experts**
11:9
**explaining**
10:25

_____

**F**
_____

**fact**
4:10  11:5,9
12:5
**facts**
11:23  12:6
**failed**
11:25
**failure**
12:4
**fair**
7:21
**February**
4:25  5:2,4,
7,11,13,17,
21,25  10:6
12:25
**federal**
7:8
**feedback**
3:8,17
**file**
10:6  12:4,11
**filed**
4:8,9,12,13,
14,16,18,20,
25  5:2,4,6,
7,11,13,17,
21,25  6:8,9
10:9,22
11:18  12:15
13:9
**filing**
10:13,25
11:6  13:11
**filings**
9:25  10:2
**first**
10:12

**fit**
6:6
**five**
13:14  14:2
**Floyd**
6:18,25
**forward**
10:3
**forwarded**
6:24
**four**
8:23
**free**
6:12
**full**
7:21  14:2

_____

**G**
_____

**general**
6:18  11:17
**generally**
3:22
**getting**
3:8,18
**give**
6:4
**given**
8:19
**glitching**
3:16
**goes**
12:15
**going**
3:8,24  6:10
14:4
**good**
3:2,12,14,18
14:7
**guess**
13:2

_____

**H**
_____

**hear**
3:15  14:6

heard
  5:16 13:4
hearing
  3:2,24 4:1,6
  5:3,5,25
  7:25 9:19
  11:24 12:7,
  16,19,22,25
  13:5
hearings
  9:17,22 10:1
  12:12,13
  13:8
Heather
  3:4 6:14
Hence
  10:2
Honor
  3:12,20 8:10
  9:12 10:4
  13:3,10
  14:8,11

**I**

idea
  6:2
immunity
  13:23
improperly
  13:1
includes
  4:7
incomplete
  11:19
independence
  7:11 8:3,5
individual
  8:3
initial
  9:6
instructions
  6:22
intends
  11:8

interrogatories
  4:15
interrogatory
  11:15
investigative
  4:12
issue
  12:8 14:5,10
issued
  10:4
issues
  4:7 6:5 7:22
  13:2
items
  4:21

**J**

January
  3:23,24 4:4
  5:25
Jay
  3:6 7:10
Judge
  6:14 8:24
  9:2
June
  4:8,9
Jury
  6:22

**K**

Kelly
  6:23
know
  3:19 4:1
  5:22 7:17
  8:14

**L**

lap
  7:25

law
  7:8 11:23
  12:6
left
  13:14
legal
  3:13 11:1,11
listen
  8:14
LLC
  3:3
looked
  4:2
lot
  13:21

**M**

Madam
  9:5 13:25
magistrate
  4:6 5:4
  10:7,18
  11:4,8,12,13
  12:1,6 13:7
magistrate's
  3:23 4:4,22,
  24 5:1,5,10,
  14 6:2 11:22
  12:9 13:12
main
  6:1
make
  6:6 9:15
  11:24,25
  12:13
management
  5:7,16,20
  10:3 12:16
Manatee
  6:22
mandatory
  10:14
manner
  12:13
March
  6:14,21,23

  12:20,22,24
Mary
  6:17,25
matters
  9:7 14:4
met
  7:18
mic
  9:3
minutes
  6:4,13 8:12,
  23 9:6,10
  13:14 14:2
missed
  4:3
moment
  3:17
months
  9:16
moot
  10:23,25
  11:3,4
morning
  3:2,12,14,21
  10:12
Mortgage
  3:3
motion
  4:8,10,15,
  17,19 5:5,
  11,13,16,19,
  23 10:21,22,
  23 11:2,5,
  14,15 12:10,
  14,15 13:9
motions
  3:22 6:7
move
  9:25 10:3
multiple
  4:7
multitude
  10:2
mute
  3:9

**N**

nature
  11:17
need
  7:18,19
needed
  8:15 13:19
needs
  9:19
never
  10:13
note
  13:14
noted
  9:24 13:3
notice
  5:23 6:13
  8:19 9:18
  10:13
notices
  6:7
November
  4:18,20
number
  3:21

**O**

O'BRIEN
  3:4
object
  11:6,10
objection
  4:23 5:1,9,
  12,14,19
  10:10 12:7
objections
  6:2,7,12
  11:16
obtain
  9:16,20
obviously
  6:1

October
  4:13,14,16
Office
  6:22
once
  12:25 13:9
one
  3:16 5:21
open
  7:7 8:6
opportunity
  11:24 13:13
oppose
  8:10
opposition
  4:24 5:1,10,
  14,18
order
  5:2,3 6:22
  9:18 10:4,5,
  9,11,14
  12:5,8,14,21
  13:6,7 14:5,
  10
ore
  12:10,14
original
  11:2
outstanding
  7:1 8:25
  13:16
overruled
  10:15 12:8
  13:6

**P**

part
  4:21
parte
  5:13,19
parties
  12:15 13:8
party
  12:21 13:11
pending
  13:3

people
  3:16
period
  12:17 13:9
plaintiff
  11:6,9
plaintiff's
  4:9,13,14,
  17,19,25
  5:4,9,12,13,
  18 9:23
  11:13
planned
  6:1,3
please
  3:19 9:3
portion
  9:6
position
  9:23 10:16
  11:22 12:4
  13:5
potential
  9:20
presented
  12:7
preserve
  5:24
presumption
  10:17
privacy
  7:11 8:3,5
procedural
  10:21
proceedings
  7:2 8:21,25
  9:24 10:7
  13:16 14:13
process
  3:15
produced
  11:17
production
  4:18,20
  11:14
prohibit
  3:18

properly
  11:8
protects
  8:3,5
provide
  9:16 14:3
provided
  7:6 8:2,4
purposes
  9:6 14:1
pursuant
  10:9 12:5
pushed
  12:25
put
  7:24

**Q**

qualified
  11:11
question
  11:20
questions
  11:21
quite
  9:17

**R**

raised
  9:17
raising
  11:25
Rauch
  6:23
read
  4:2
reasonable
  7:19 8:15,16
  13:19,20
rebuttal
  13:13 14:3
received
  10:13

Judge Stephen Whyte
March 24, 2026

| | | | |
|---|---|---|---|
| **recommendatio n**<br>  3:23 4:5,6,<br>  22,24 5:2,6,<br>  10,15 6:3<br>  10:8,19<br>  13:12<br>**recommended**<br>  5:3 10:11<br>**record**<br>  3:18 4:11<br>  5:24 9:6<br>  14:1,7,12<br>**referred**<br>  11:18<br>**reflect**<br>  14:1<br>**refused**<br>  11:25 12:2,<br>  23<br>**refuses**<br>  9:21 10:1<br>  12:13<br>**refusing**<br>  9:16<br>**regard**<br>  10:16<br>**regarding**<br>  5:24 10:2<br>  12:12<br>**relate**<br>  3:22<br>**related**<br>  11:19<br>**remote**<br>  14:13<br>**removed**<br>  8:20 13:23<br>**rendered**<br>  11:3<br>**rendering**<br>  10:23<br>**renders**<br>  10:25<br>**repeat**<br>  7:13 | **reply**<br>  4:14<br>**report**<br>  3:23 4:5,22,<br>  24 5:1,5,10,<br>  14 6:2 10:8,<br>  19 11:13,22<br>  12:6,9 13:12<br>**reporter**<br>  3:7,10,12,20<br>  9:5 13:25<br>  14:8<br>**reports**<br>  4:12 11:7<br>**represented**<br>  3:3<br>**request**<br>  4:15,18<br>  6:16,19,25<br>  8:25<br>**requested**<br>  7:4,5,20<br>  8:16 13:20<br>**requests**<br>  4:20 11:14,<br>  19 13:16<br>**required**<br>  9:15 12:2,5<br>**requires**<br>  9:22<br>**requiring**<br>  10:5,6 12:14<br>**responded**<br>  6:24 8:8<br>**response**<br>  4:9,13,19,25<br>  5:9,12,18<br>**responses**<br>  4:15,17,20<br>  11:16<br>**review**<br>  4:5<br>**reviewed**<br>  3:25 4:7,23<br>  11:13<br>**Reyes**<br>  3:8,11,13 | 14:5<br>**right**<br>  3:14,19 6:25<br>  7:3,13,16<br>  8:22 9:5<br>  11:10 13:25<br>  14:3,9<br>**Rios**<br>  10:24<br>**Rogers**<br>  9:2<br>**rule**<br>  11:16<br>**ruled**<br>  11:8<br>**ruling**<br>  5:13,19<br>  10:19 11:11<br><br>――――――――<br>**S**<br>――――――――<br><br>**says**<br>  8:1<br>**schedule**<br>  5:5,7,15,20<br>  13:8<br>**scheduled**<br>  6:3<br>**scheduling**<br>  13:5<br>**section**<br>  7:25<br>**see**<br>  3:10 6:6<br>**September**<br>  4:12<br>**services**<br>  8:1<br>**set**<br>  10:3 12:19<br>  13:3<br>**setting**<br>  12:18<br>**Shore**<br>  3:6 7:7,10,<br>  13,15,23<br>  8:13,19,22 | 9:2 13:23<br>**side**<br>  7:23 8:7<br>**sir**<br>  6:11 7:3<br>**Sloat**<br>  8:12<br>**Sloat-rogers**<br>  3:4 8:10<br>  9:4,10,12<br>  14:11<br>**speak**<br>  3:19<br>**specific**<br>  11:17<br>**specified**<br>  12:17 13:8<br>**spirit**<br>  12:21<br>**starting**<br>  4:4<br>**stating**<br>  12:23<br>**step**<br>  9:23<br>**steps**<br>  9:19<br>**strike**<br>  5:12<br>**sufficiency**<br>  11:1<br>**supplement**<br>  4:11<br>**supplemental**<br>  5:11<br>**supposed**<br>  7:24 8:4,8<br>**sure**<br>  7:20<br><br>――――――――<br>**T**<br>――――――――<br><br>**take**<br>  7:24 9:19<br>  13:13 14:4 |

taking
9:24
talking
3:16
tell
6:11
tenus
12:10,14
testimony
4:11 11:6
Thank
8:22 9:12
14:3,8,9,11
thing
10:12
time
6:6 7:4 8:13
9:18 12:17
13:9
timely
10:1 12:13
titled
5:23
today
12:11 13:4,5
today's
4:1
told
7:19 8:15
13:19
transcript
5:3 10:7,9,
13,15 12:5
transparent
7:21
Travis
3:5 4:8,16
try
11:8
turn
3:9 9:2

**U**

U.S.
3:13 13:24

understanding
6:18 9:13
12:20,21
unmute
3:10 6:10
unresolved
7:1 9:1
13:17

**V**

Vanderburg
10:24
Vanessa
3:3
versus
3:4
violations
5:24

**W**

Walker
3:5 4:16
6:9,14 8:13,
23,24 9:7,
10,14,23,25
10:5,6
11:18,20,24
12:2,11,12,
18,23 13:11,
15,18 14:2
Walker's
4:8 9:13
want
6:4,7,13
7:16 13:13
way
8:2,4 10:20
went
9:8
witness
4:10 11:5,10
witnesses
11:9
written
14:5,10

**Z**

Zoom
3:4,6,7

Filing # 244956876 E-Filed 03/31/2026 10:51:50 AM

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR MANATEE COUNTY, FLORIDA
## CIRCUIT CIVIL DIVISION D

**CROSSCOUNTRY MORTGAGE LLC,**

    **Plaintiff,**

-v-                        **CASE NO: 2025 CA 281**

**HEATHER O'BRIEN WALKER AND
TRAVIS W. WALKER A/K/A
TRAVIS WALKER ET AL.,**

    **Defendant,**

_____/

### OMNIBUS ORDER ON PLAINTIFF'S AND DEFENDANT'S MOTIONS, OBJECTIONS, OPPOSITIONS, AND SUPPLEMENTAL MOTIONS, AND ORDER ADOPTING AND APPROVING MAGISTRATES' REPORT

        **THIS MATTER** came before the court for a Case Management Conference,[1] via Zoom, on March 24, 2026, for the court to hear, consider, and rule on matters related to the Magistrate's Report and Recommendation entered January 26, 2026, and filed January 27, 2026 (Magistrate's Report and Recommendation). The plaintiff was represented by Vanessa Sloat-Rogers, Esq., and the defendant, Travis Walker, appeared *pro se.*[2]

        In its Order Setting Hearing, filed March 6, 2026, the court identified the following motions, objections, oppositions, and supplemental motions as being part of the Case Management Conference hearing:[3]

---

[1] *See* Fla. R. Civ. P. 1.200(j)(1) ("The court may set case management conferences at any time on its own notice...").

[2] A gentleman introducing himself as Jay Shore also appeared in the Zoom hearing and asserted that he was Defendant Travis Walker's ADA Advocate.

[3] While not required by Rule 1.200(j)(1) if the Case Management Conference is set by the court, the court's Order Setting Hearing, filed March 6, 2026, listed all of the motions, objections,

2025-CA-281, Crosscountry Mortgage v. Walker
Omnibus Order on Various Motions and Order Adopting Magistrate's Report and Recommendation
Page 1 of 5

*Defendant's    Objection/Opposition    to    Magistrate's    Report    and Recommendation (filed February 2, 2026)[4]*

*Plaintiff's Response to Defendant's Objection/Opposition to Magistrate's Report and Recommendation (filed February 3, 2026)*

*Order for Transcript and Hearing on Exceptions to Recommend Order of Magistrate (filed February 6, 2026)*

*Plaintiff's Motion to Schedule Hearing on Exceptions to Magistrate's Report and Recommendation Filed by Defendant or, In the Alternative, Schedule a Case Management Conference (filed February 12, 2026)*

*Defendant's Notice to Preserve the Record Regarding Continued ADA Violations During January 21, 2026, Hearing (filed February 17, 2026)*

*Plaintiff's Amended Response to Defendant's Objection/Opposition to Magistrate's Report and Recommendation (filed February 17, 2026)*

*Defendant's Supplemental Motion to Strike or Dismiss Plaintiff's Response to Defendant's Objection (filed February 17, 2026)*

*Plaintiff's Motion for Ex Parte Ruling on Defendant's Objection/Opposition to Magistrate's Report and Recommendation, or In the Alternative, to Schedule a Case Management Conference Where the Motion Will be Heard by the Court (filed February 25, 2026)*

---

oppositions, supplemental motions, and other filings that would be heard, considered, and ruled upon by the court.

[4] Florida Rule of Civil Procedure 1.490(i) allows a party to file "exceptions" to the Magistrate's Report and Recommendation and makes no mention of "objections" or "opposition" to the Magistrate's Report and Recommendation. However, in the "Wherefore" clause of the Defendant's Objection/Opposition to Magistrate's Report and Recommendation, filed February 2, 2026, the defendant "respectfully requests that the Circuit Court Judge not construe any portion of the Magistrate's Recommendation as unopposed, stipulated, or agreed to, and that all objections be preserved." Therefore, the court construed the defendant's "objection" and "opposition" as exceptions and noticed a specific date and time to "resolve the exceptions at a hearing on reasonable notice." *See* Fla. R. Civ. P. 1.490(i). Neither party objected to the form or reasonableness of the court's notice.

2025-CA-281, Crosscountry Mortgage v. Walker
Omnibus Order on Various Motions and Order Adopting Magistrate's Report and Recommendation
Page 2 of 5

*Defendant's Response in Opposition to Plaintiff's Motion for Ex Parte Ruling on Defendant's Objection, or In the Alternative, to Schedule a Case Management Conference (filed February 26, 2026)*

Having considered the various motions, objections, oppositions, notices, and supplemental motions that were noticed by the court for hearing, reviewed the Magistrate's Report and Recommendation, reviewed the motions cited to and addressed in the Magistrate's Report and Recommendation, and hearing the argument of counsel for the plaintiff and Mr. Walker,[5] the court hereby

**FINDS, ORDERS, and ADJUDGES** as follows

1.    Defendant's Objection/Opposition to Magistrate's Report and Recommendation (filed February 2, 2026), which the court construes as exceptions to the Magistrate's Report and Recommendation, are **OVERRULED.**

2.    The Court **APPROVES and INCORPORATES** herein the attached Magistrate's Report and Recommendation issued on January 26, 2027, and filed on January 27, 2026, **ADOPTS** each and every finding of fact, conclusion of law, and recommendation therein as this Courts order, and **MAKES** the same an order and judgment of this Court.

---

[5] Both sides were given 15 minutes to present argument with regard to any motion, objection, opposition, or supplemental motion that was noticed in the court's Order Setting Case Management Conference. Plaintiff's counsel made legal and factual arguments in support of the plaintiff's position and argued that the court should overrule the defendant's objections and opposition and adopt the Magistrate's Report and Recommendation. Defendant Travis Walker was given the same 15 minutes, which the court separated into 10 minutes for initial arguments and five minutes for rebuttal. The transcript will speak for itself as to the statements made by Defendant Travis Walker during the hearing.

2025-CA-281, Crosscountry Mortgage v. Walker
Omnibus Order on Various Motions and Order Adopting Magistrate's Report and Recommendation
Page 3 of 5

3.     Defendant Travis Walker shall have fifteen (15) days from the date of this Order to comply with any deadline set forth in the Magistrate's Report and Recommendation.

4.     Plaintiff's Motion to Schedule Hearing on Exceptions to Magistrate's Report and Recommendation Filed by Defendant or, In the Alternative, Schedule a Case Management Conference (filed February 12, 2026) is **GRANTED** to the extent that the court noticed and conducted a Case Management Conference on March 24, 2026, to address the various motions, objections, oppositions, and supplemental motions that had been filed by the parties regarding the Magistrate's Report and Recommendation.

5.     Defendant's Supplemental Motion to Strike or Dismiss Plaintiff's Response to Defendant's Objection (filed February 17, 2026) is **DENIED** to the extent that the court noticed and conducted a Case Management Conference on March 24, 2026, to address the various motions, objections, oppositions, and supplemental motions that had been filed by the parties regarding the Magistrate's Report and Recommendation.

6.     Plaintiff's Motion for *Ex Parte* Ruling on Defendant's Objection/Opposition to Magistrate's Report and Recommendation, or In the Alternative, to Schedule a Case Management Conference Where the Motion Will be Heard by the Court (filed February 25, 2026) is **DENIED** as to the request for an *ex parte* ruling but **GRANTED** to the extent that the court noticed and conducted a Case Management Conference on March 24, 2026, to address the various motions, objections, oppositions, and supplemental

2025-CA-281, Crosscountry Mortgage v. Walker
Omnibus Order on Various Motions and Order Adopting Magistrate's Report and Recommendation
Page 4 of 5

motions that had been filed by the parties regarding the Magistrate's Report and Recommendation.

7.    Defendant's Notice to Preserve the Record Regarding Continued ADA Violations During January 21, 2026, Hearing (filed February 17, 2026) is not ruled upon as it expressly states that Defendant submitted this notice "solely to preserve the record and to clarify that his objections to the Magistrate's Report and Recommendation are **not limited to substantive legal issues, but also implicate access-to-court and due process concerns** arising from the manner in which the proceedings were conducted." (emphasis in the original).

**DONE AND ORDERED** in Bradenton, Manatee County, Florida, this 30th day of March, 2026.

eSigned by STEPHEN WHYTE, Circuit Judge  03/30/2026 17:03:09 6WN+EtqJ

Stephen M. Whyte
Circuit Court Judge

Copies:
Vanessa D. Sloat-Rogers, Esquire -vrogers@raslg.com
Travis Walker, pro se – twdirect@gmail.com
Heather O'Brien Walker, pro se – via U.S. Mail: 3506 162nd Avenue E., Parrish, Fl. 34219, 1767 Lakewood Ranch Blvd. #228, Bradenton, Fl. 34211, 1767 Lakewood Ranch Blvd. #161, Bradenton, FL. 34211, 11523 Palmbrush Trail, Lakewood Ranch, Fl. 34202, 1151 Post Lake Pl., Apt 311, Apopka, Fl. 32703, 15 Paradise Plz. #272, Sarasota, Fl. 34239, 7552 Plantation Circle, Bradenton, Fl. 34201

Filing # 244105960 E-Filed 03/18/2026 03:50:35 PM

# IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT

# IN AND FOR MANATEE COUNTY, FLORIDA

CROSSCOUNTRY MORTGAGE, LLC,

§
§
§
§
§

*Plaintiffs*

§

v.

§    Docket No. 2025CA000281AX
§
§
§

TRAVIS WALKER, et al.,

§
§

*Defendants*

§
§
§

# DEFENDANT'S STATUS REPORT

COMES NOW, the Defendant, TRAVIS WESLEY WALKER, and files this Status Report, and states as follows:

## 1. Procedural Background

Defendant has participated in the proceedings and has made good faith efforts to comply with all Court directives, filings, and deadlines to the extent reasonably possible.

## 2. Plaintiff's Claims and Defendant's Position

Defendant does not concede Plaintiff's claims and maintains that Plaintiff has not demonstrated compliance with conditions precedent required under the Mortgage, including but not limited to

1 of 4

Paragraph 22 notice requirements.

Defendant further maintains that Plaintiff has not established that proper notice of default and right to cure was provided in accordance with the terms of the Mortgage.

### 3. Notice and Conditions Precedent (Paragraph 22)

Defendant states that the Mortgage expressly requires notice prior to acceleration. Plaintiff has not demonstrated within its filings that such notice was provided in compliance with the Mortgage.

Defendant further states that no such notice was received in Defendant's name, and Plaintiff has not provided evidence establishing that proper notice was sent to the appropriate address.

### 4. ADA and Procedural Concerns

Defendant has raised issues regarding ADA accommodations in this matter and maintains that such issues have not been properly addressed.

Defendant includes this statement to preserve all rights under federal law and to ensure the record accurately reflects Defendant's position.

### 5. Discovery Issues and Scope of Dispute

Defendant notes that certain discovery disputes have arisen in this matter, including Plaintiff's Motion to Compel.

Defendant responded to Plaintiff's discovery requests and supplemented those responses in good faith. The dispute arises from Defendant's objection to interrogatories and requests that Defendant believes improperly seek to require Defendant to prove elements that are within Plaintiff's burden of proof, including standing and compliance with conditions precedent.

2 of 4

Defendant further notes that certain materials requested by Plaintiff are already part of the Court record, including documents submitted through Defendant's expert witness affidavit, and were referenced accordingly in Defendant's responses.

Defendant respectfully maintains that such matters are properly the burden of Plaintiff in a foreclosure action and includes this statement solely to clarify the nature of the dispute and preserve Defendant's position on the record.

## 6. Good Faith Participation

Defendant states that all actions taken have been in good faith and for the purpose of preserving the record and ensuring proper procedure is followed.

## WHEREFORE

Defendant respectfully submits this Status Report to provide the Court with an accurate understanding of the current posture of the case and to preserve all rights and objections on the record.

Respectfully submitted.

By: /s/ Travis Walker

Travis Wesley Walker

1767 Lakewood Ranch Blvd PMB 161

Bradenton, FL 34211

(941) 999-1289

twdirect@gmail.com

pro se

3 of 4

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic filing to all counsel of record on this 18th day of March, 2026.

By:/s/ Travis Walker

Travis Wesley Walker

1767 Lakewood Ranch Blvd PMB 161

Bradenton, FL 34211

(941) 999-1289

twdirect@gmail.com

pro se

4 of 4